## COMMONWEALTH *vs.* SAMUEL M. ELWELL.

Under an indictment charging the defendant with being a common seller of intoxicating liquors on a particular day, evidence of sales before or after that day is inadmissible.

INDICTMENT on *St.* 1852, *c.* 322, § 12, found at June term 1854 of the court of common pleas for the county of Hampshire, and alleging that the defendant at Northampton, " on the first day of January now last past, did presume to be and was a common seller of wine, brandy, rum, the same being intoxicating liquors, and other intoxicating liquors."

At the trial in that court, the defendant objected to the admission of evidence tending to show acts of sale on any other

day except the day named in the indictment. But *Mellen, J.* admitted evidence of sales before and after that day, and in-structed the jury that if they were satisfied by the evidence that the defendant had committed three acts of sale since the statute of 1852 took effect, it was their duty to convict him. The defendant, being convicted, alleged exceptions.

*W. Allen, Jr.* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

DEWEY, J. Every indictment must set forth in a proper man-ner the time of the alleged offence. If it be the ordinary case of a single act done, it must be alleged to have been committed on some one day particularly named, and this is deemed essen-tial, though in such case it would be no variance to prove the act to have been done on some other day. But where the offence charged implies, from its very nature, a succession or continuation of acts, not necessarily limited to any particular day, the proper mode of alleging the time of the commission of such offence is, agreeably to well established usage, to allege it as having been committed on a certain day named, and " on divers days and times between said [day named] and the day of finding this bill," or as done between a certain day and a certain subsequent day, also named.

The present case is one where the offence consists of a suc-cession of acts. The offence of being a common seller of ₊pirituous liquors implies an offence not committed by a single act, but by a series of acts. Three distinct sales must be shown, or evidence from which the jury may properly find such sales to have taken place. *Commonwealth* v. *Tubbs,* 1 Cush. 2. In such cases, the allegation of the offence may be, in general terms, that the party was a common seller, but the time alleged is material, and the prosecutor is limited to the period speci-fied in the indictment. In such cases, as was stated in the opinion in *Commonwealth* v. *Pray,* 13 Pick. 364, where the form of the allegation was that the defendant " on the thirtieth day of September 1830, and on divers other days between that day and the twentieth day of December next following, did presume to be and was a common seller;" "time enters into

the essence of the offence, and with entire certainty fixes the identity." In the case of *Commonwealth* v. *Tower*, 8 Met. 527, the form of indictment last recited was held to be the proper form, and was said to accord with the forms usually adopted, and to be well adapted to the description of the offence. As already remarked, this mode of alleging the time limits the offence to the precise period stated in an indictment. This was directly decided in the case of *Commonwealth* v. *Briggs*, 11 Met. 573.

The further inquiry is, as to an indictment in the form of that before us, containing the single allegation that the defendant " on the first day of January last past" was a common seller of wine, brandy, rum, and other intoxicating liquors. The attorney general has contended, that when an indictment charges an offence as committed on a certain specified day, the day is not material, and evidence of the commission of the offence on any other day than that named, if within the period of the statute of limitations, is sufficient. This is so when the offence charged consists of a single act, but the principle is not applicable to cases like the present. It was not competent under this indictment to introduce evidence of sales made by the defendant anterior to the time alleged in the indictment. The government were restricted to the period of time named in the indictment, and could not give in evidence acts before or after that day. The ruling of the court of common pleas upon this point was therefore erroneous.

The form of this indictment has limited the period of time within which the acts were to be proved to have been done to " the first day of January now last past." But, as the three sales necessary to constitute one a common seller of spirituous liquors may be made on the same day, as was held in *Commonwealth* v. *Perley*, 2 Cush. 559, and *Commonwealth* v. *Rumrill, ante*, 388, a single day may be sufficient for the commission of the offence. Whether, inasmuch as these three acts of sale must be distinct acts, they ought not to be charged in that case as committed at different times on the same day, we have not thought necessary particularly to consider.

Without going further, and omitting the expression of any

opinion upon the other questions raised in the argument, it is sufficient to dispose of the present case, that all sales by the defendant prior to or since the first day of January 1854 were, by the form of this indictment, excluded, and could not be adduced in evidence to sustain the same.   *Exceptions sustained.*